STEVENSON, J.
Prism Educational Systems, Inc., appeals the trial court’s dismissal of its motion for show cause hearing and request for prejudgment writ of replevin. Because Prism complied with the statutory requirements of section 78.055, Florida Statutes (2010), it was entitled to a show cause hearing and we reverse.
Section 78.055 requires that, prior to issuance of a writ of replevin, a plaintiff must file a complaint alleging the following:
(1) A description of the claimed property that is sufficient to make possible its identification and a statement, to the best knowledge, information, and belief of the plaintiff of the value of such property and its location.
(2) A statement that the plaintiff is the owner of the claimed property or is entitled to possession of it, describing the source of such title or right. If the plaintiffs interest in such property is based on a written instrument, a copy of said instrument must be attached to the complaint.
(3) A statement that the property is wrongfully detained by the defendant, the means by which the defendant came into possession thereof, and the cause of such detention according to the best knowledge, information, and belief of the plaintiff.
(4) A statement that the claimed property has not been taken for a tax, assessment, or fine pursuant to law.
(5) A statement that the property has not been taken under an execution or attachment against the property of the plaintiff or, if so taken, that it is by law exempt from such taking, setting forth a reference to the exemption law relied upon.
If the statutory requirements are sufficiently alleged in the complaint, “the court shall promptly issue an order directed to the defendant to show cause why the claimed property should not be taken from the possession of the defendant and delivered to plaintiff.” § 78.065(2).
Initially, Prism filed a complaint with the trial court, which alleged breach of contract but did not contain a count for replevin, and the trial court correctly denied its motion for a prejudgment writ of replevin show cause hearing. Subsequently, Prism filed an amended complaint which did raise a count for replevin and adequately alleged each of the statutory requirements. Prism’s second motion for a show cause hearing for prejudgment writ of replevin, the subject of this appeal, specifically referenced the amended complaint but was also denied. Because Prism complied with section 78.055, it was entitled to a show cause hearing and it was error for the trial court to deny the motion.
Accordingly, the judgment on appeal is reversed and this cause remanded for further proceedings.

Reversed and remanded.

WARNER and POLEN, JJ., concur.